UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY D. WILLIAMS, ET AL.             CIVIL ACTION

VERSUS             NO. 13-802-BAJ-RLB

UNITED STATES GOVT
AND AFFILIATES ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 13, 2014.

                                             RICHARD L. BOURGEOIS, JR.
                                             UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TROY D. WILLIAMS, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO. 13-802-BAJ-RLB**

**UNITED STATES GOVT
AND AFFILIATES ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 13, 2014, the court granted the plaintiff Troy D. Williams' Motion for Leave to Proceed in Forma Pauperis. (R. Doc. 5). As Mr. Williams is now proceeding in forma pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted.

**I.    Nature of the Plaintiff's Allegations**

On December 17, 2013, Mr. Williams filed a Complaint (R. Doc. 1), Motion for Leave to Proceed in Forma Pauperis (R. Doc. 2), Notice of Filing of Removal (R. Doc. 3), and Motion for Disclosure of Confidential Information (R. Doc. 4). Mr. Williams filed the complaint along with six other individuals,[1] naming as defendants the United States, its affiliates, and "118 people attacking family rights developing after illegal surveillance comp." (R. Doc. 1 at 1). Mr. Williams alleges that his first, fourth, fifth, seventh, eight, thirteenth, fourteenth, and sixteenth amendment rights were violated by the defendants. (R. Doc. 1 at 1).

---

[1] These other individuals did not sign the complaint and have not sought to proceed *in forma pauperis*. Considering the allegations in the complaint and other filings, it appears that Williams is seeking to represent the other plaintiffs' interests.

1

The complaint, which is handwritten and submitted on a court-approved form, is difficult to decipher. Read liberally, the complaint alleges that a female agent of the U.S Department of Justice raped Mr. Williams, installed a surveillance device in his throat, and the federal government, its affiliates, and 118 unnamed informants have refused to remove the device, investigate the incident, or discontinue badgering his family. (R. Doc. 1 at 2). Among other things, the plaintiff requests the device to be removed from his throat and an undefined insurrection be suppressed. (*Id*.) In an attempt to contextualize these allegations in the form complaint, the court has reviewed the plaintiff's attachments to the complaint and simultaneous filings.

Attached to the complaint are several pages of calendar entries mostly detailing Mr. Williams' sleep patterns over several months. (R. Doc. 1 at 3-17). These pages contain marginalia in which the plaintiff has scribbled federal statutes and disjointed statements regarding sexual harassment, espionage, terrorism, surveillance, slavery, attempted murder, gun shots, and genocide.

Also attached to the complaint are copies of two petitions filed by Mr. Williams in the 19th Judicial District, East Baton Rouge Parish, Louisiana. The first petition, filed in September 2009 and bearing docket number 582308, alleges that Mr. Williams was falsely arrested on charges of disturbing the peace and curfew violation, and beaten by certain police officers of the East Baton Rouge Police Department. (R. Doc. 1 at 18-22). In the second petition, filed in December 2009 and bearing docket number 585468, Mr. Williams names as defendants certain police officers of the East Baton Rouge Police Department, a female agent of the U.S. Department of Justice, and a tow truck company. (R. Doc. 1 at 23-40). This petition alleges that, on July 16, 2009, a police officer questioned Mr. Williams about his inoperable vehicle on his

property and gave him a ticket. The plaintiff further alleges that a female agent of the U.S. Department of Justice[2] observed the incident with the police officer, and then orally and anally raped him, and tried to kill him with two gunshots. (R. Doc. 1 at 26-27).

On December 17, 2013, the same day he filed the complaint, Mr. Williams filed a "Notice of Filing of Removal" stating that the two foregoing state court actions have been removed to this court under 28 U.S.C. § 1441(c), 18 U.S.C. §§ 1584, 1589, 2339(A), and La. Rev. Stat. §§ 14:128.1, 15:1302. (R. Doc. 3).

Also on December 17, 2013, Mr. Williams filed a "Motion for Disclosure of Confidential Informants," which references the same federal and state criminal statutes as in the Notice of Filing of Removal. (R. Doc. 4). In this motion, Mr. Williams seeks the disclosure of the names, addresses, occupations, authorizations, and employers of persons who were allegedly hired to attack the plaintiff's friends, family, neighbors, associates, and lawn service clients. (R. Doc. 4 at 2). Mr. Williams alleges that these unnamed informants were used in retaliation to his filing of the two foregoing petitions filed in state court. (*Id.*) The plaintiff further claims that these unnamed informants assist terrorists, constitute a RICO organization, and have "extorted, shot, slandered, injured and killed [his] immediate friends and family." (R. Doc. 4 at 4). In addition, the plaintiff claims that the device inserted inside of him can be heard from within his body, and that he heard a female voice emitting from the device that said: "We need a diversion follow him." (R. Doc. 4 at 3-4).

---

[2] The certificate of service submitted by Mr. Williams seeks service of this individual at the address for the Louisiana Attorney General's Office. (R. Doc. 1 at 31).

**II.     Law and Analysis**

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th

Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

Taken as a whole and read in conjunction with contemporaneous filings, the claims in the complaint are frivolous, fail to state a claim, or both. Mr. Williams alleges a vague conspiracy of 118 unnamed informants who have allegedly violated a litany of his constitutional rights, has forced him involuntary servitude and forced labor, have committed terrorism and provided material to support terrorists, and have killed and abused his family and friends. Mr. Williams alleges that, after receiving a ticket for an inoperative vehicle on his property from a city police officer, a certain female agent of the U.S. Department of Justice who watched the event, then

5

raped him, installed a surveillance device in his neck, and fired gun shots at him from his neighbor's home. Mr. Williams claims that since these events he has been under constant surveillance and that his family has been murdered and harassed, but he provides no details regarding these alleged murders and harassment. Mr. Williams alleges that there is an impending insurrection and that the United States government is somehow involved, but he provides no details of the alleged insurrection or how this insurrection is connected to the device allegedly implanted in his neck. Because these allegations are fanciful, fantastic, and delusional, and have no arguable basis in fact, the court should dismiss them as frivolous under § 1915(e)(2)(B)(i).

Furthermore, the named defendants in the complaint are the United States, its affiliates, and "118 people attacking family rights developing after illegal surveillance comp." (R. Doc. 1 at 1). Mr. Williams does not name as defendants the alleged federal agent who raped him or any of the other defendants named in his state law petitions who allegedly violated his constitutional rights. Mr. Williams' allegations against the United States are conclusory and based on pure conjecture, as he has not alleged any facts establishing that the United States controls or is affiliated with any of the 118 unnamed informants also named as defendants. Similarly, Mr. Williams does not provide any facts in the complaint from which the other defendants—namely the "affiliates" of the United State and the "118 people attacking family rights developing after illegal surveillance comp." can be identified. Furthermore, Mr. Williams has not alleged any plausible facts suggesting that his count of "118" unnamed informants is based on anything but pure conjecture. Even if accepted as true, the scant and conclusory allegations in the complaint do not state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Mr. Williams' attempt to remove two state court petitions that he filed in 2009 must also fail. Mr. Williams has not provided any jurisprudence stating that he, as the filing plaintiff in state court, may remove those actions under 28 U.S.C. § 1441(c).[3] Furthermore, Mr. Williams' jurisdictional bases for removal are federal and state criminal statutes: 18 U.S.C. § 1584 (criminalizing involuntary servitude); 18 U.S.C. § 1589 (criminalizing forced labor); 18 U.S.C. § 2339A (criminalizing the provision of material to support terrorists); La. Rev. Stat. § 14:128.1 (criminalizing terrorism); and La. Rev. Stat. § 15:1302 (definitional section of criminal procedural law concerning interceptions of communications). As a private citizen, Mr. Williams has no constitutional right to commence a criminal proceeding on his own, and the decision whether to prosecute a particular case is in the discretion of the prosecutorial authority. A private citizen who wants criminal charges to be brought in the Middle District of Louisiana must submit the complaint to the United States Attorney for review since it is the United States Attorney who is responsible for prosecuting the complaint. The foregoing criminal and procedural statutes do not provide the court with subject matter jurisdiction over the plaintiff's action filed in this court or state court actions filed in 2009.

Finally, it appears that Williams is attempting to proceed in this action as counsel for the other plaintiffs named on the complaint. Unless he possesses a law degree, is a member of a state bar, and is admitted to practice before this court, he may not represent any other plaintiff in this matter.

## III. Conclusion

In conclusion, the complaint as written may be dismissed as frivolous as plaintiff Williams' claims are premised only upon allegations that are clearly fanciful, fantastic and delusional on their face. In addition, the complaint fails to state a claim on which relief may be

---

[3] The court is unaware of whether, and if so how, the plaintiffs' state court actions were resolved.

granted because the facts alleged are implausible and conclusory. Any amendment to Mr. Williams' complaint would be futile because his claims lack any arguable basis in fact due to the fantastic, fanciful and delusional nature of the allegations contained in the original complaint. Finally, Mr. Williams has alleged no sound bases for removal of his state court actions.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the IFP complaint should be **DISMISSED** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

Signed in Baton Rouge, Louisiana, on June 13, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**